

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 1:03-CR-127(1) |
| § | |
| RENALDO LEE CARTER § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Renaldo Lee Carter, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release. The Court conducted a hearing on December 28, 2009, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that

Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On July 24, 2004, The Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of possession with intent to distribute 50 Grams or more of cocaine base, a Class A felony. Judge Clark sentenced Mr. Carter to a term of 140 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On June 6, 2005, the Court amended the judgment, reducing the period of imprisonment to 70 months. The term of supervised release remained 5 years. On August 27,

2007, Renaldo Lee Carter completed his period of imprisonment and began service of the supervision term.

### B. Allegations in First Amended Petition

The United States alleges that Defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state, or local crime.*

Specifically, on January 13, 2009, Mr. Carter was arrested by the Texas Department of Public Safety (DPS) in Chambers County, Texas, for the offenses of possession of a controlled substance and evading arrest with a vehicle.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would proffer testimony from officers with the United States Probation Office establishing that Mr. Carter was ordered not to commit another federal, state, or local crime as a condition of his supervision. The evidence would further show that on January 13, 2009, Mr. Carter was arrested for possession of a controlled substance and for evading arrest with a vehicle.

Defendant, Renaldo Lee Carter, offered a plea of true to the allegations. Specifically, Mr. Carter agreed with the evidence presented and pled true to the allegation that he was arrested on January 13, 2009, for possession of a controlled substance and for evading arrest with a vehicle.

In allocution, Defendant's counsel urged the Court to consider that Mr. Carter has assisted the government in other investigations, thereby placing himself and his family in jeopardy. Counsel urged that the guideline sentence of forty-six (46) to fifty-seven (57) months is too harsh, and

argued that a sentence of eighteen (18) to twenty-four (24) month (applicable to a Grade B violation) would be the appropriate sentence.

Counsel for the government stated that Defendant's assistance with other investigations was the reason that the government requested continuance of the revocation hearing in January, 2009. However, government's counsel argues that, to convince authorities that Defendant was providing substantial assistance in their investigations, in October, 2009, Defendant arranged circumstances and planted evidence on a friend to implicate him in possession of controlled substances. Defendant failed polygraph examination related to that incident. Government's counsel argues that Defendant thereby lost all credibility and should not receive credit for any time because he has not provided substantial assistance. Government's counsel urges the court to impose a sentence at the high end of the guidelines.

Defendant's counsel argued that allegations related to events in October, 2009, are not before the Court and that Defendant is not pleading "true" to those allegations. Defendant's counsel further argues that other parties to that incident were not subjected to polygraph examination and results of polygraph examination are not admissible. Defendant's counsel also proffered letters in support of Defendant from his family.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a mandatory condition of his supervised release by committing another crime, as shown by his arrest on January 13, 2009, for possession of a controlled substance and for evading arrest with a vehicle.

If the Court finds that Mr. Carter violated his supervision conditions by committing another crime, this will constitute a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon Mr. Carter's criminal history category of V and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from forty-six (46) to fifty-seven (57) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five (5) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release,[1] the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade A violation of his supervision conditions by committing another

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

crime, specifically possessing a controlled substance and evading arrest with a vehicle. Mr. Carter knowingly and voluntarily pled true and requested that the Court determine sentence.

In determining what this court feels is an appropriate sentence, it looks to the factors set forth in Title 18, United States Code, Section 3553(a). It is noted that the applicable guideline range in this case is 46-57 months. This court notes that Defendant violated his conditions of supervised release by committing a serious drug offense. It also notes that Defendant was shown leniency by the district court on June 6, 2005, when the district court reduced his sentence due to his cooperation. Unfortunately, Defendant did not appreciate the court's consideration and continued to commit drug trafficking offenses. Although this court is well aware that the Sentencing Guidelines are advisory, to recommend a sentence applicable to a lower guideline range in this instance would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for this conduct. Therefore, this court feels that a sentence of forty-six (46) months is appropriate.

Accordingly, based upon Defendant's plea of true and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate further recommends that the District Court order Defendant to serve a term of **forty-six (46) months imprisonment** with no further supervision term upon his release.

OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28

U.S.C.§ 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of January, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE